RICHARD A. BROWNSTEIN (State Bar No. 70297)
RBrownstein@Greenbass.com
GREENBERG & BASS LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel: (818) 382-6200 • Fax: (818) 986-6534

Attorney for: Spencer Cooper party in interest.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>COOPER, TAMI G.<br><br>Debtor. | Case No.: 2:15-bk-16470-WB<br><br>(Chapter 13)<br><br>**MOTION TO DISMISS AND DECLARATIONS OF RICHARD A. BROWNSTEIN AND SPENCER COOPER IN SUPPORT [11 USC §1307]**<br><br><u>**Hearing Date:**</u><br>Date: November 18, 2015<br>Time: 1:30 p.m.<br>Place: Ctrm: 1375<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

TO: THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, TAMI G. COOPER, HER ATTORNEY OF RECORD, LEE M LINSON, AND ALL OTHER PARTIES ENTITLED TO RECEIVE NOTICE:

Spencer Cooper, ("Spencer") the estranged spouse of the debtor, in this Motion to Dismiss, states as follows:

## I.

### POINTS AND AUTHORITIES

**A.    SUMMARY OF ARGUMENT**

This Chapter 13 Bankruptcy was filed in bad faith and should be dismissed.

1

The Debtor has no possibility of proposing a feasible Plan. The Debtor is not making monthly mortgage payments on her second position deed of trust. The Debtor has filed two previous bankruptcies over the last three years and neither has resulted in a discharge.

Faced with foreclosure by the first position deed of trust and an Order from the family law court to sell, the Debtor is using these bankruptcies to delay and avoid the consequences of a lawful state court order.

The debtor has unreasonably delayed these proceedings. She has failed in her schedules to properly identified her obligations and has failed to properly substantiate her income. The debtor has failed to file a feasible plan. The debtor has failed to propose a plan which will satisfy the requirements of 11USC §1325. The scheduled Confirmation hearing is set for November 18, 2015. The debtor has failed to file an Amended Plan within the 28 days required by The Local Rule.

It is in the best interest of the estate and the creditors to dismiss this case, allow the property to be sold, pursuant to the state court order. Upon the sale of the property there will be adequate equity to pay all of the creditors.

**B.    THERE IS "CAUSE" PURSUANT TO 11 USC §1307 TO DISMISS THIS CASE**

The Bankruptcy code at 11 USC §1307(c) provides:

> Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of the creditors and the estate, for cause, including..."

The Code recites a non-exclusive list of certain grounds which may be considered for "cause". Some grounds relevant to the instant case are; (1) unreasonable delay, (3) failure to file a timely plan and (5) denial of confirmation of a plan. In addition to the enumerated grounds, the courts have long considered bad faith as an additional ground.

1232192.1 -- 31948.0001

1.  **THIS DEBTOR HAS UNREASONABLY DELAYED THIS CASE**

This case was filed April 24, 2015. The first Confirmation hearing was set for June 24, 2015. The only Plan filed by the debtor was file on May 8, 2015. (Please see Request for Judicial Notice, Chapter 13 Plan, Doc 12, Exhibit "A".) This was the third bankruptcy file by the debtor in the last three years. None of her prior bankruptcies resulted in a discharge. (Please see Request for Judicial Notice Docket Exhibit "B".)

It is not clear what transpired at the first scheduled Confirmation Hearing but a Plan was not confirmed. The hearing was continued to September 23, 2015. Both the Chapter 13 Trustee and the first trust deed holder filed Objections to her confirmation.

At the hearing on September 23, 2015 the Debtor appeared through counsel who represented that all of the mortgage payments had been made and a Declaration to that effect would be filed shortly. Further, when the secured creditor brought up the issue of properly scheduling her delinquency and treatment under the Plan, her counsel represented that it would all be corrected and resolved if they could just have a short 60 day continuance.



Since that hearing, the debtor has not filed an Amended Plan. The debtor has not amended her schedules to properly reflect the delinquencies on her mortgages. The debtor has filed a Declaration Setting Forth Postpetition, Preconfirmation, Payments, however, it does not show that she is making postpetition payments on her second trust deed. In fact, she states "No other mortgage payments are required. Chapter 13 Plan to be amended accordingly." (Please see Request for Judicial Notice, Declaration Setting Forth Postpetition, Preconfirmation Payments, Doc 22, Exhibit "C".)

The holders of the first and second trust deeds on her property have filed Proofs of Claim reflecting a delinquency on the loan from US Bank National Association ("US Bank"), of $176,694.95 and a delinquency on the loan from JPMorgan Chase, Bank, National Association ("Chase"), of $19,527.56. (Please see Request for Judicial Notice, Proofs of Claim Nos. 5 and 6 respectively, Exhibit "D".)

The next Confirmation Hearing is scheduled for November 18, 2015. In order to properly identify the delinquencies of her secured debt and treat them appropriately, the debtor should have

3

1232192.1 -- 31948.0001

filed an Amended Plan no less than 28 days before that date. Local Bankruptcy Rule 3015-1 (B) states:

> If the amended plan will adversely affect any creditor (for example if it treats any creditor's claim less favorably than the previously filed plan), the amended plan must be filed and served on all affected creditors and the chapter 13 trustee at least 28 days before the confirmation hearing.

The debtor's Amended Plan should have been filed and served by October 21, 2015. Certainly the payment of a $176,694.95 delinquency to US Bank over 60 months is "adverse" treatment. This failure on the debtor's part may force yet another continuance. Of course, this assumes the debtor can file a feasible Amended Plan to pay the delinquency.

2. **THE DEBTOR HAS NOT TIMELY FILED A CONFIRMABLE PLAN WHICH SATISFIES 11 USC §1325**

The debtor is required by 11 USC §1325(a)(5)(B)(ii) to provide for cure of the secured creditors' claims. The debtor has not provided any cure for the $176,694.95 delinquency owed to US Bank. It is not clear if the $16,000 provided in the Plan for World Savings Bank is the same obligation for which Chase claims a $19,527.56 delinquency.

The debtor is required by 11 USC §1325(a)(6) to show that she is able to make all payments under the plan. The combined delinquencies of the secured creditors on the debtor's property is $196,222.51. The monthly payment required to satisfy those claims would be $3,270.38 for 60 months. This does not include the trustee's fees or any other required payments. The Debtor shows on her Schedules I and J a net income of $730 per month. Additionally, the debtor states the value of her home is $1,000,000 with outstanding encumbrances of $850,000. This could yield adequate equity to satisfy her $9,000 worth of claimed, creditors. (Please see Request for Judicial Notice, Debtor's Schedules A, F, I and J Exhibit "E".)

As of the writing of this brief, the pending Plan has not been denied confirmation. However, based upon the debtor's failures in formulating the Plan, it cannot be confirmed.



1232192.1 -- 31948.0001

**3.    THERE IS CAUSE TO DISMISS THIS CASE INCLUDING BAD FAITH**

In *Marrama v. Citizens Bank*, 549 U.S. 365 (U.S. 2007) the Supreme Court clearly provided authority for a Bankruptcy Court to consider bad faith as a factor in determining if there was "cause" to dismiss a Chapter 13. The Ninth Circuit Court of Appeals set out some criteria for determining if there is sufficient bad faith to dismiss a Chapter 13 case while recognizing that bad faith had to be considered on a case by case basis, looking at the totality of the circumstance. *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999);

> (1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner:
>
> (2) the debtor's history of filings and dismissals:
>
> (3) whether "the debtor only intended to defeat state court litigation; and
>
> (4) whether egregious behavior is present.

In the instant case the debtor failed to properly identify $176,694.95 worth of delinquency on her first position deed of trust. The debtor identified $6,000 of income from operation of a business without provide a statement showing gross receipts, ordinary and necessary business expenses, and the total monthly net, as required.

The debtor filed two prior Chapter 13 bankruptcies within the last three years, neither of which resulted in a discharge.

The prior bankruptcies as well as the instant case were prompted by the threat of imminent foreclosure as well as a lawful order of the state family law court. (Please see Request for Judicial Notice, Order after Hearing March 27, 2012, Exhibit "F".) The state court proceedings that the debtor is attempting to avoid with this bankruptcy will be more fully described below.

An earlier Ninth Circuit case, *Eisen v. Curry (In re Eisen)*, 14 F.3d 469 (9th Cir. 1994) instructed:

> A judge should ask whether the debtor "misrepresented
> facts in his [petition or] plan, unfairly manipulated the Bankruptcy
> Code, or otherwise [filed] his Chapter 13 [petition or] plan in an



1232192.1 -- 31948.0001

inequitable manner." *Id.* at 1390. "A debtor's history of filings and dismissals is relevant." *In re Nash*, 765 F.2d 1410, 1415 (9th Cir. 1985). Bad faith exists where the debtor only intended to defeat state court litigation. *In re Chinichian*, 784 F.2d 1440, 1445-46 (9th Cir. 1986). [*Eisen v. Curry (In re Eisen)*, 14 F.3d 469, 470]

Last and certainly not least, the debtor has egregiously proposed a Plan that has no hope of confirmation and is misleading.

C.    **THE DEBTOR SIMPLY HAS NOT AND CANNOT FILE A CONFIRMABLE PLAN**

   1.    **THE DEBTOR CANNOT SHOULDER HER BURDEN OF PROVING FEASIBILITY**

The Code at 11 USC §1325(a)(6) requires that, "the debtor will be able to make all payments under the plan and to comply with the plan". The Ninth Circuit B.A.P., in *In re Hill*, 268 B.R. 548, (B.A.P. 9th Cir. 2001) reiterates the accepted rule that; "The debtor, as the chapter 13 plan proponent, has the burden of proof on all elements of plan confirmation. *Wolff*, 22 B.R. at 512."

The debtor herein cannot possibly shoulder that burden with regard to feasibility. The difference between the amount of disposable income pursuant to the debtor's schedules and the amount necessary to satisfy §1325(a)(5) is too great for the debtor to satisfy §1325(a)(6). She simply cannot make the payments.

D.    **THE REAL PURPOSE FOR THIS CASE IS TO INTERFERE WITH OTHER LITIGATION**

In re *Marriage of Cooper*, Los Angeles Superior Court Case No., BD 524999 was filed by Spencer Cooper on May 13, 2010. On November 22, 2011, there was a hearing on Spencer's Motion for sale of former family residence. At that hearing Spencer's request was granted. (Please see Request for Judicial Notice, Order after hearing November 22, 2011, Exhibit "G".) Pursuant to the Order, the debtor and Spencer were to list the residence for sale. On March 27, 2012, Spencer moved for an Order from the court directing the debtor to cooperate with the sale of their residence and to complete the sale. (Please see Request for Judicial Notice, Order After Hearing, March 27, 2012, Exhibit "F".) The debtor's response to the Order to cooperate and sell the residence was to

6

file bankruptcy and send to Spencer a Notice of Stay for her Bankruptcy filed, June 11, 2012, Case No. 2:12-bk-30219-VZ. (Please see Request for Judicial Notice, Notice of Stay, Exhibit "H".) This was the first of the debtor's three Chapter 13 bankruptcies. This case was dismissed for failure to make plan payments on February 5, 2013. (Exhibit "B".) A second Chapter 13 was file on July 1, 2013, Case No. 13-27018. The second Chapter 13 was converted to Chapter 7 and ultimately closed without a discharge on May 22, 2014. (Exhibit "B".)

## II.

## CONCLUSION

The pattern is clear. The debtor's intent is clear. The debtor has no ability to submit a confirmable plan. The debtor has not shown good faith in the filing of this bankruptcy nor has she shown good faith in the proposed Plan she has filed, herein. The creditors could have been paid, in full, years ago if the state court order had been respected. But instead, the debtor has chosen to use the Bankruptcy Court to frustrate the state court orders with serial bankruptcy filings. The prejudice to these creditors is substantial and obvious. We respectfully request that this case be dismissed.

DATED: October 27, 2015                    GREENBERG & BASS LLP



By: _____
    RICHARD A. BROWNSTEIN, ESQ.
    Attorney for Spencer Cooper

1232192.1 -- 31948.0001

## DECLARATION OF RICHARD A. BROWNSTEIN

I, RICHARD A. BROWNSTEIN, declare as follows:

1. I am Of Counsel to the law firm of Greenberg & Bass, a Registered Limited Liability Partnership, attorneys of record herein for Spencer Cooper, the estranged husband of the debtor, party in interest and the Movant herein. I am an attorney at law licensed to practice before all of the Courts of the State of California and before the United States District Court, Central District of California. If called as a witness in this Action, I am competent to testify of my own personal knowledge, to the best of my recollection, as to the matters set forth in this Declaration.

2. This case was filed April 24, 2015.

3. The first Confirmation hearing was set for June 24, 2015.

4. The only Plan filed by the debtor was file on May 8, 2015. (Please see Request for Judicial Notice, Chapter 13 Plan, Doc 12, Exhibit "A".)

5. This was the third bankruptcy file by the debtor in the last three years.

6. None of her prior bankruptcies resulted in a discharge. (Please see Request for Judicial Notice, Docket Exhibit "B".)

7. It is not clear to me what transpired at the first scheduled Confirmation Hearing but a Plan was not confirmed.

8. The hearing was continued to September 23, 2015. Both the Chapter 13 Trustee and the first trust deed holder filed Objections to her confirmation.

9. At the hearing on September 23, 2015 the Debtor appeared through counsel who represented that all of the mortgage payments had been made and a Declaration to that effect would be filed shortly. Further, when the secured creditor brought up the issue of properly scheduling her delinquency and treatment under the Plan, her counsel represented that it would all be corrected and resolved if they could just have a short 60 day continuance.

10. Since that hearing, the debtor has not filed an Amended Plan. The debtor has not amended her schedules to properly reflect the delinquencies on her mortgages. The debtor has filed a Declaration Setting Forth Postpetition, Preconfirmation, Payments, however, it does not show that she is making postpetition payments on her second trust deed. In fact, she states "No other mortgage

1232192.1 -- 31948.0001

payments are required. Chapter 13 Plan to be amended accordingly." (Please see Request for Judicial Notice, Declaration Setting Forth Postpetition, Preconfirmation Payments, Doc 22, Exhibit "C".)

11. The holders of the first and second trust deeds on her property have filed Proofs of Claim reflecting a delinquency on the loan from US Bank National Association ("US Bank"), of $176,694.95 and a delinquency on the loan from JPMorgan Chase, Bank, National Association ("Chase"), of $19,527.56. (Please see Request for Judicial Notice, Proofs of Claim Nos. 5 and 6 respectively, Exhibit "D".)

12. The next Confirmation Hearing is scheduled for November 18, 2015.

13. The debtor has not provided any cure for the $176,694.95 delinquency owed to US Bank. It is not clear to me if the $16,000 provided in the Plan for World Savings Bank is the same obligation for which Chase claims a $19,527.56 delinquency.

14. The Debtor shows on her Schedules I and J a net income of $730 per month. Additionally, the debtor states the value of her home is $1,000,000 with outstanding encumbrances of $850,000. This could yield adequate equity to satisfy her $9,000 worth of claimed, creditors. (Please see Request for Judicial Notice. Debtor's Schedules A, F, I and J Exhibit "E".)

15. As of the writing of this brief, the pending Plan has not been denied confirmation. However, based upon the debtor's failures in formulating the Plan, it cannot be confirmed.

16. In the instant case the debtor failed to properly identify $176,694.95 worth of delinquency on her first position deed of trust.

17. The debtor identified $6,000 of income from operation of a business without provide a statement showing gross receipts, ordinary and necessary business expenses, and the total monthly net, as required.

///
///
///
///
///

1232192.1 -- 31948.0001

18. The debtor filed two prior bankruptcies within the last three years.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration is executed on _____.

_____
RICHARD A. BROWNSTEIN

3

1232192.1 -- 31948.0001

## DECLARATION OF SPENCER COOPER

I, SPENCER COOPER, declare as follows:

1. I am an individual, I am the estranged spouse of the debtor and a party in interest in the above-entitled action. I make this declaration in support of the Motion to Dismiss. I have personal knowledge of the facts set forth herein, and if called upon to testify thereto, I could and would competently do so under oath.

2. I filed *In re Marriage of Cooper*, Los Angeles Superior Court Case No., BD 524999 was filed on May 13, 2010.

3. On November 22, 2011, there was a hearing on my Motion for sale of our former family residence.

4. At that hearing my request was granted. (Please see Request for Judicial Notice, *Order After Hearing* filed on November 22, 2011, Exhibit "G".)

5. Pursuant to the Order, the debtor and I were to list our residence for sale.

6. On March 27, 2012, I moved for an Order from the court directing the debtor to cooperate with the sale of our residence and to complete the sale. (Please see Request for Judicial Notice, *Order After Hearing*, March 27, 2012, Exhibit "F".)

7. The debtor's response to the Order to cooperate and sell the residence was to send to me a Notice of Stay for her Bankruptcy filed, June 11, 2012, Case No. 2:12-bk-30219-VZ. (Please see Request for Judicial Notice, *Notice of Stay*, Exhibit "H".)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration is executed on 10/27/15.

_____
SPENCER COOPER

1

1232192.1 -- 31948.0001

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16000 Ventura Blvd., Ste. 1000, Encino, CA 91436

A true and correct copy of the foregoing document entitled (specify): **MOTION TO DISMISS AND DECLARATIONS OF RICHARD A. BROWNSTEIN AND SPENCER COOPER IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) October 27, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (date) October 27, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- **Nancy K Curry (TR)**   ecfnc@trustee13.com
- **Christopher Darden**   Christopher.Darden@wellsfargo.com
- **Joseph C Delmotte**   ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- **Lee M Linson**   linsonlawyer@gmail.com, mcmklaw@gmail.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) October 27, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Honorable Julia W. Brand**
**United States Bankruptcy Court**
**Central District of California**
**255 East Temple Street, Room 1375**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 27, 2015 | Madlen Monet | /s/ Madlen Monet |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

1948.0001

## SERVICE LIST

| | |
|---|---|
| Pite Duncan LLP<br>4375 Jutland Dr Ste 200<br>San Diego, CA 92117-3600 | US Bank National Association, as Trustee for<br>Aldridge Pite, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-7921 |
| WELLS FARGO HOME MORTGAGE<br>MAC X7801-014<br>3476 Stateview Blvd.<br>Fort Mill, SC 29715-7203 | Los Angeles Division<br>255 East Temple Street<br>Los Angeles, CA 90012-3332 |
| American Express<br>P.O. Box 3852<br>Phoenix, AZ 85030-3852 | American Express Bank, FSB<br>c/o Becket and Lee LLP<br>P.O. Box 3001<br>Malvern, PA 19355-0701 |
| BANK OF AMERICA<br>PO BOX 45224<br>JACKSONVILLE, FL 32232-5224 | Back Bowl I Llc, Series C<br>C O WEINSTEIN & RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 |
| Bank of America<br>P.O. Box 15220<br>Wilmington, DE 19886-5220 | Bank of America, N.A.<br>Attn: Bankruptcy Department<br>Mail Stop: CA6-919-01-23<br>400 National Way<br>Simi Valley, CA 93065-6414 |
| Bloomingdales<br>P.O. Box 183083<br>Columbus, OH 43218-3083 | Capital One<br>P.O. Box 60599<br>Citi of Industry |
| Chase<br>P.O. Box 15298<br>Wilmington, DE 19850-5298 | Citi Advantage<br>P.O. Box 6500<br>Sioux Falls, SD 57117-6500 |
| Coldwell Bank<br>27271 Las Ramblas # 250<br>Mission Viejo, CA 92691-6392 | Crystal Clear Pool & Spa<br>12030 Alberta Dr<br>Culver City, CA 90230-5902 |
| JPMorgan Chase<br>c/o Real Time Resolutions, Inc.<br>1349 Empire Central Drive, Suite #1<br>Dallas, Texas 75247-4029 | Kaiser Permanente<br>P.O. Box 7141<br>Pasadena, CA 91109-7141 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

1948.0001

| | |
|---|---|
| Laura Sable DBA Cystal Clear Pool & Spa<br>12030 Alberta Drive<br>Culver City CA 90230-5902 | Law Office of Ronalda Litz<br>9255 Sunset Blvd, Ste 920<br>Los Angeles, CA 90069-3306 |
| Quantum3 Group LLC as agent for<br>MOMA Funding LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | SOCA Orthopedic Inst<br>6815 Noble Ave<br>Van Nuys, CA 91405-3796 |
| Saks Fifth Avenue<br>P.O. Box 49353<br>San Jose, CA 95161-9353 | Spencer Cooper<br>c/o Richard A. Brownstein<br>Greenberg & Bass LLP<br>16000 Ventura Blvd. Suite 1000<br>Encino, CA 91436-2762 |
| The Home Depot<br>P.O. Box 653000<br>Dallas, TX 75265-3000 | US Bank National Association<br>Wells Fargo Bank, N.A.<br>Attention: Bankruptcy Department<br>MAC# D3347-014<br>3476 Stateview Blvd. Fort Mill, SC 29715 |
| United States Trustee (LA)<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017-3560 | Victoria Secret<br>P.O. Box 659728<br>San Antonio, TX 78265-9728 |
| WELLS FARGO HOME MORTGAGE INC<br>1 HOME CAMPUS<br>DES MOINES, IA 50328-0001 | Wells Fargo<br>P.O. Box 14411<br>Des Moines, IA 50306-3411 |
| Wells Fargo Bank<br>P.O. Box 10347<br>Des Moines, IA 50306-0347 | Wells Fargo Card Services<br>1 Home Campus 3rd Floor<br>Des Moines, IA 50328-0001 |
| Lee M Linson<br>Law Offices of Lee Linson<br>11901 Santa Monica Blvd Ste 449<br>Los Angeles, CA 90025-5183 | Nancy K Curry (TR)<br>1000 Wilshire Blvd., Suite 870<br>Los Angeles, CA 90017-2466 |
| Tami G Cooper<br>1917 Benedict Canyon Drive<br>Beverly Hills, CA 90210-1401 | LA County Tax Collector<br>P.O. Box 54088<br>Los Angeles, CA 90054-0088 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

1948.0001