United States Bankruptcy Court
Central District of California
Los Angeles
Judge Julia Brand, Presiding
Courtroom 1375 Calendar

**Wednesday, November 18, 2015**                      Hearing Room    1375

1:30 PM
2:15-16470    Tami G Cooper                                           Chapter 13

#22.00    Motion to Dismiss Case

                      Docket      23

**Tentative Ruling:**

      No opposition was filed. **Appearances waived.**

      The motion is GRANTED pursuant to 11 U.S.C. § 1307(c). This bankruptcy case is the debtor's third filing in three years. One of the debtor's prior cases was dismissed less than one year after filing for failure to make plan payments, while the other was converted to a case under Chapter 7 and ultimately closed without a discharge. At a plan confirmation hearing held in this case on September 23, 2015, the Chapter 13 trustee raised several objections to the debtor's plan. The debtor still has not addressed the trustee's objections or filed an amended Chapter 13 plan.

      At the request of a party in interest and after notice and a hearing, a bankruptcy court may dismiss a debtor's Chapter 13 case "for cause." 11 U.S.C. § 1307(c) (2015). The justifications for dismissal listed in Section 1307(c) are not exhaustive; thus, the Ninth Circuit has determined that a case filed in bad faith may also be dismissed pursuant to this code section. Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1222–23 (9th Cir. 1999). In Leavitt, the Ninth Circuit held that in determining whether a Chapter 13 plan was proposed in good faith, a bankruptcy court should consider (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Code, or otherwise filed his petition or plan in an inequitable manner; (2) the debtor's history of filings and dismissals; (3) whether the debtor intended to defeat state court litigation; and (4) whether egregious behavior is present. Leavitt, 171 F.3d at 1222–23.

      Movant has established by competent evidence that the debtor filed this bankruptcy case and her proposed Chapter 13 plan in bad faith. The only piece of real property listed in the debtor's schedules is subject to two state court orders, which both require that the property be sold. Based on the debtor's history of bankruptcy case filings and dismissals, and based on the debtor's failure to properly amend her Chapter 13 plan and move forward with this bankruptcy case, this Court finds that the

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Julia Brand, Presiding
Courtroom 1375 Calendar

**Wednesday, November 18, 2015**     **Hearing Room**    **1375**

<u>1:30 PM</u>
**CONT...**     **Tami G Cooper**     **Chapter 13**

debtor filed this Chapter 13 case solely to prevent the sale of her real property. Thus, cause exists to dismiss the debtor's bankruptcy case under Section 1307(c).

Movant shall serve and lodge an appropriate order via the Court's LOU system.

### Party Information

**Debtor(s):**

Tami G Cooper     Represented By
    Lee M Linson

**Trustee(s):**

Nancy K Curry (TR)     Pro Se