RICHARD A. BROWNSTEIN (State Bar No. 70297)
RBrownstein@Greenbass.com
GREENBERG & BASS LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel:  (818) 382-6200 • Fax: (818) 986-6534

Attorney for: Spencer Cooper party in interest.

**FILED & ENTERED**

**DEC 07 2015**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY beauchamDEPUTY CLERK

**CHANGES MADE BY COURT**



UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>COOPER, TAMI G.<br><br>            Debtor. | Case No.: 2:15-bk-16470-WB<br><br>(Chapter 13)<br><br>**ORDER OF DISMISSAL OF CHAPTER 13 BANKRUPTCY FOR CAUSE PURSUANT TO 11 USC §1307**<br><br>**Hearing Date:**<br>Date:     November 18, 2015<br>Time:    1:30 p.m.<br>Place:   Ctrm: 1375<br>             255 E. Temple Street<br>             Los Angeles, CA 90012 |

      On November 18, 2015, the Honorable Julia W. Brand, United States Bankruptcy Judge, held a hearing on the Motion to Dismiss Chapter 13 Bankruptcy case, filed by Spencer Cooper, the estranged spouse of the debtor.  Appearances at the hearing were waived.

      The Court, having considered the Motion, the Declarations, the Request for Judicial Notice and the Errata re Request for Judicial Notice, filed in support of the Motion, finding that no opposition to the Motion was filed, and ~~based upon the record and good cause appearing:~~ *for the reasons stated on the record and in the court's tentative ruling, a copy of which is attached hereto as Exhibit A,*

**~~WHEREFORE THIS COURT FINDS:~~**

1240806.1 -- 31948.0001

1

1. ~~This bankruptcy case is the debtor's third filing in three years. One of the debtor's prior cases was dismissed less than one year after filing for failure to make plan payments, while the other was converted to a case under Chapter 7 and ultimately closed without a discharge.~~

2. ~~At a plan confirmation hearing held in this case on September 23, 2015, the Chapter 13 trustee raised several objections to the debtor's plan.~~

3. ~~The debtor still has not addressed the trustee's objections or filed an amended Chapter 13 plan.~~

4. ~~Movant has established by competent evidence that the debtor filed this bankruptcy case and her proposed Chapter 13 plan in bad faith.~~

5. ~~The only piece of real property listed in the debtor's schedules is subject to two state court orders, which both require that the property be sold.~~

6. ~~Based on the debtor's history of bankruptcy case filings and dismissals, and based on the debtor's failure to properly amend her Chapter 13 plan and move forward with this bankruptcy case, this Court finds that the debtor filed this Chapter 13 case solely to prevent the sale of her real property.~~

7. ~~Thus, cause exists to dismiss the debtor's bankruptcy case under Section 1307(c).~~

**IT IS HEREBY ORDERED** as follows:

1. The Motion ~~it~~ *is* granted.

2. The Chapter 13 bankruptcy case is dismissed for cause.

### #



Date: December 7, 2015

Julia W. Brand
United States Bankruptcy Judge

1240806.1 -- 31948.0001

# *Exhibit A*

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Julia Brand, Presiding
Courtroom 1375 Calendar

Wednesday, November 18, 2015             Hearing Room    1375

1:30 PM
**2:15-16470**    **Tami G Cooper**                                                        **Chapter 13**

   #22.00     Motion to Dismiss Case

                        Docket     23

**Tentative Ruling:**

      No opposition was filed. **Appearances waived.**

      The motion is GRANTED pursuant to 11 U.S.C. § 1307(c). This bankruptcy case is the debtor's third filing in three years. One of the debtor's prior cases was dismissed less than one year after filing for failure to make plan payments, while the other was converted to a case under Chapter 7 and ultimately closed without a discharge. At a plan confirmation hearing held in this case on September 23, 2015, the Chapter 13 trustee raised several objections to the debtor's plan. The debtor still has not addressed the trustee's objections or filed an amended Chapter 13 plan.

      At the request of a party in interest and after notice and a hearing, a bankruptcy court may dismiss a debtor's Chapter 13 case "for cause." 11 U.S.C. § 1307(c) (2015). The justifications for dismissal listed in Section 1307(c) are not exhaustive; thus, the Ninth Circuit has determined that a case filed in bad faith may also be dismissed pursuant to this code section. Leavitt v. Soto (*In re* Leavitt), 171 F.3d 1219, 1222–23 (9th Cir. 1999). In Leavitt, the Ninth Circuit held that in determining whether a Chapter 13 plan was proposed in good faith, a bankruptcy court should consider (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Code, or otherwise filed his petition or plan in an inequitable manner; (2) the debtor's history of filings and dismissals; (3) whether the debtor intended to defeat state court litigation; and (4) whether egregious behavior is present. Leavitt, 171 F.3d at 1222–23.

      Movant has established by competent evidence that the debtor filed this bankruptcy case and her proposed Chapter 13 plan in bad faith. The only piece of real property listed in the debtor's schedules is subject to two state court orders, which both require that the property be sold. Based on the debtor's history of bankruptcy case filings and dismissals, and based on the debtor's failure to properly amend her Chapter 13 plan and move forward with this bankruptcy case, this Court finds that the

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Julia Brand, Presiding
Courtroom 1375 Calendar

| | |
|---|---|
| Wednesday, November 18, 2015 | Hearing Room 1375 |

**1:30 PM**
**CONT...    Tami G Cooper**                                                              **Chapter 13**

debtor filed this Chapter 13 case solely to prevent the sale of her real property. Thus, cause exists to dismiss the debtor's bankruptcy case under Section 1307(c).

Movant shall serve and lodge an appropriate order via the Court's LOU system.

### Party Information

**Debtor(s):**

Tami G Cooper                                              Represented By
                                                            Lee M Linson

**Trustee(s):**

Nancy K Curry (TR)                                          Pro Se